IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

ANGEL PEREZ )
       Plaintiff, ) 13 C 4531
v. ) Honorable Judge Dow
) Magistrate Rowland
CITY OF CHICAGO POLICE OFFICER )
JORGE L. Lopez and )
the City of Chicago )JURY DEMAND
       Defendant. )

## MOTION TO COMPEL DOCUMENT PRODUCTION AND SANCTION

    Here comes the **PLAINTIFF ANGEL PEREZ JR**, who motions this court to ORDER the **DEFENDANTS CITY OF CHICAGO**, and **JORGE L. LOPEZ** to produce the "Complaint Registered files" for all officers involved with the PLAINTIFF on October 20th and 21st, of 2012, in accordance to FOIA standards. Wherefore the Plaintiff states the follows.

1. PLAINTIFF originally requested the complaint register files in his first document request on the 23rd of May 2014.
2. PLAINTIFF has waited about six months for these files.
3. At the September 16th, 2014 hearing before the Honorable Magistrate Mary M. Rowland Plaintiff again brought up the issue. To which the Magistrate inquired upon the Defendant's Counsel and was told they would be provided within four weeks.
4. PLAINTIFF has asked about the documents in numerous emails before the September 16th hearing, and in good faith has tried to wait it out. In Good faith the PLAINTIFF took the September 16th, 2014 hearing as a verbal agreement before the Honorable Magistrate Rowland.
5. No Complaint Register files have been provided as of writing this motion on OCTOBER 27th, 2014.
6. Running down the clock as we approach discovery deadlines on a Pro Se in tantamount to direct sabotage of justice for the Plaintiff.

7. PLAINTIFF prays upon the court to sanction the DEFENDANTS City of Chicago and Officer Jorge L. Lopez as it see's fit in its Honorable eyes. At the very least order that the DEFEDANT's provide the files requested within seven (7) days of this motion being heard, or sooner.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides for liberal discovery. St. Paul Reins. Co., Ltd. v. Commercial Fin. Corp., 198 F.R.D. 508, 512 (N.D. Iowa 2000) (citations omitted). In part, it provides that:

*Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if information sought appears reasonably calculated to lead to the discovery of admissible evidence.*

Respectfully Submitted,

Angel Perez
PLAINTIFF
PRO SE