**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANGEL PEREZ, ) | |
| ) | Case No. 13 C 4531 |
| Plaintiff, ) | |
| ) | Judge Dow |
| vs. ) | |
| ) | Magistrate Judge Rowland |
| CHICAGO POLICE OFFICERS JORGE L. ) | |
| LOPEZ, EDMUND ZABLOCKI, JOSEPH ) | |
| WAGNER, HERBERT BETANCOURT, ) | |
| MATTHEW CLINE, JOHN DOLAN, and the ) | |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION TO DISMISS COUNT VII OF PLAINTIFF'S REVISED AMENDED COMPLAINT

Defendants, City of Chicago and Chicago Police Officers Jorge Lopez, Edmund Zablocki, Joseph Wagner, Herbert Betancourt, Matthew Cline and John Dolan (collectively herein "Defendants") by and through one of their attorneys, Jason Marx, Assistant Corporation Counsel, hereby move to dismiss with prejudice Count VII of Plaintiff's Revised Amended Complaint for failure to state a claim. In support thereof, Defendants state as follows:

## INTRODUCTION

Plaintiff filed his Revised Amended Complaint on December 3, 2014, containing essentially the same claims and allegations as Plaintiff's previous version of the Complaint, with one exception. *See* Dkt.# 74. In Count VII of said Complaint, Plaintiff purports to bring a claim pursuant to 18 U.S.C. §1512 for tampering with a witness. Since there is no private cause of action for tampering with a witness pursuant to 18 U.S.C. §1512, Count VII must be dismissed with prejudice.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule 12(b)(6) should be granted if the challenged complaint fails to state a claim upon which relief can be granted. *Corcoran v. Chicago Park District*, 875 F.2d 609, 611 (7th Cir. 1989). Although when considering a motion to dismiss the court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom (*see Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005)), the court is not obligated to accept a complaint that merely raises the possibility of relief. *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). Rather, to survive a 12(b)(6) motion to dismiss, the complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" (*see* Fed.R.Civ.P. 8(a)(2)), such that the defendant is given "fair notice" of what the "claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007)(*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). Bare assertions amounting to nothing more than "labels and conclusions" or a "formulaic recitation of the elements" of a constitutional claim are conclusory and not entitled to be assumed true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), *citing Twombly,* 550 U.S. at 554-55. Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement." *Id.*, *quoting Twombly*, 550 U.S. at 557. Instead, to survive a dismissal, a complaint must assert sufficient facts to state a claim that is "plausible on its face;" the plausibility standard is not the same as probability, and requires "more than a sheer possibility" that a defendant has acted improperly. *Id.*

**ARGUMENT**

Because there is no private cause of action for tampering with a witness pursuant to 18 U.S.C. § 1512, Count VII of Plaintiff's Revised Amended Complaint must be dismissed with prejudice for failure to state a claim under Fed.R.Civ.P. 12(b)(6).

Count VII is titled "18 U.S. Code § 1512 – Tampering with a witness, victim claim." *See* Dkt.# 74 at p.14. Plaintiff alleges, "[d]uring the course of the IPRA Investigation and during the time this lawsuit has been in court, Defendants have engaged in what could only be called witness intimidation." *Id*. In support of his claim, Plaintiff cites a specific incident that occurred on October 11, 2013. *Id*. Plaintiff claims an unnamed Defendant Officer was "looking at the Plaintiff in a very threating manner" in a "knowing manner to cause excitement, fear, and intimidation to the Plaintiff, which made the Plaintiff reconsider seeking justice as it put fear into his life." *Id*. Plaintiff makes reference to several individuals and concludes that "the blatant use of intimidation tactics in front a witness caused the Plaintiff incredible injury to his mental health, and could and should only be taken as witness intimidation." *Id*.

Plaintiff alleges that one (or all) of the Defendants violated criminal statute 18 U.S.C. §1512 (tampering with a witness, victim or an informant). This statue pertains to a criminal proceeding and does not confer jurisdiction as to the civil controversy described in the Complaint. *Nat'l Bank of Matton v. Daviditis,* 262 F.2d 884, 886 (7th Cir. 1959); *Sordean v. United States*, NO.C 94-2387 FMS, 1995 WL 86548, at *2 (N.D.Cal. Feb. 24, 1995). Said statute imposes criminal penalties on persons found guilty of violating its provisions. The decision of whether to prosecute a person, and what criminal charges to bring, generally rests with the prosecutor, and not with a private citizen. *See United States v. Batchelder*, 442 U.S. 144, 124 (1979). Finally, and most importantly, a private cause of action is not authorized by 18

U.S.C. §1512. *See Winston v. Pavlock,* Civ. No. 1:10-CV-75 SJM, 2011 WL 2731785, at *4 (W.D. Penn. July 13, 2011); *Parton v. Smoky Mountain Knife Works, Inc.*, Civ. No. 3:10-CV-436, 2011 WL 4036959, at *12 (E.D. Tenn. Sept. 12, 2011); *Joynes v. Meconi*, Civ. No. 05-332-GMS, 2006 WL 2819762, at *10 (D.Del. Sept. 30, 2006); *Shahin v. Darling*, 606 F.Supp.2d 525, 538-539 (D.Del. 2009).

In *Winston v. Pavlock*, Plaintiff filed a civil lawsuit based on events arising out of an assault allegedly perpetrated upon him in 2007. 2011 WL 2731785 at *3 (W.D. Penn. July 13, 2011). Plaintiff filed suit against several judges, a district attorney, a clerk of the court and a police sergeant. *Id.* at 1. Plaintiff identified several statutory provisions which supposedly supported the Court's subject matter jurisdiction over his dispute. *Id.* at 4. Plaintiff cited a number of provisions from the criminal code that Defendants allegedly violated, including 18 U.S.C. §1512. The court found that none of the provisions Plaintiff cited were actually jurisdictional in nature. *Id*. Further, the court held that to the extent 18 U.S.C. §1512 was relevant to the facts alleged in the complaint, 18 U.S.C. §1512 did not provide Plaintiff with a private cause of action. The court dismissed the claim with prejudice, finding that amendment would be futile since the allegations suggested no basis for the existence of a viable legal claim. *Id.* at 10-11.

Similarly, Mr. Perez, a private citizen, has filed this civil lawsuit against several government actors. He has accused one or more of them of tampering with a witness in violation a specific provision of the criminal code, i.e. 18 U.S.C. §1512 . As said code does not provide Mr. Perez with a private cause of action against any of the Defendants, the claim must be dismissed. Further, the claim must be dismissed with prejudice as the allegations suggest no basis for the existence of a viable claim.

## CONCLUSION

Because there is no private cause of action for tampering with a witness pursuant to 18 U.S.C. § 1512, Count VII of Plaintiff's Revised Amended Complaint must be dismissed with prejudice for failure to state a claim under Fed.R.Civ.P. 12(b)(6).

Respectfully submitted,

By: /s/ *Jason Marx*,
JASON MARX
Assistant Corporation Counsel
30 N. LaSalle St., Suite 900
Chicago, IL 60602
(312) 744-8364
Attorney No. 6279266

## CERTIFICATE OF SERVICE

I hereby certify that I have served the attached document by causing it to be delivered via U.S. mail to the party named at the address shown below on December 18, 2014.

Angel E. Perez
1032 N. Spaulding Avenue
Chicago, Illinois 60651

/s/ *Jason Marx* .