IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANGEL PEREZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13-cv-4531 |
| | ) | Judge Dow |
| vs. | ) | Mag. Judge Rowland |
| | ) | |
| CITY OF CHICAGO et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S AMENDED MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

NOW COMES Plaintiff, ANGEL PEREZ, through his attorneys and moves this Honorable Court to grant him leave to file a Second Amended Complaint.

In support of this motion, he states as follows:

1. On June 20, 2013, Plaintiff filed the initial complaint in this case alleging injuries stemming from his treatment by the Chicago Police officers at a warehouse located at Homan Square occurring on or about October 21, 2012.

2. Plaintiff alleged that his mistreatment occurred because of the practice and policy of the City of Chicago, through the Chicago Police Department (CPD) in holding citizens at interrogation facilities like the Homan Square facility, as opposed to Police Stations where a public record is made of the arrest. Plaintiff alleged that he was held at the Homan Square facility against his will, without processing, subjecting him to restraint of movement via handcuffs, leg shackles and placing him in locked rooms or cells, denying him access to attorneys, phones, and keeping his whereabouts secret from friends, family and society at large for days at a time, i.e. holding them incommunicado.

3.    On September 24, 2013, discovery was open as to the individual excessive force case.

4.    However, on September 23, 2014 this Court stayed discovery regarding the policy claim (Monell discovery).

5.    On November 10, 2014, Plaintiff filed a first Amended Complaint adding defendants.

6.    Since that time, Plaintiff has also learned of numerous citizens similarly situated to him, subject to the same policy he alleged in his complaint and restated in paragraph two of this motion.

7.    From discovery in his individual case, Plaintiff has learned that in the past ten years more than a thousand citizens have been subject to the same policy alleged in paragraph two.

8.    Plaintiff seeks to amend his complaint to add additional Plaintiffs, causes of action, and class allegations.

9.    Fed.R.Civ.Proc. 15(a) provides that "leave [to file an amended complaint] shall be freely given when justice so requires."  A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984)  ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 748, 597 (5th Cir. 1981).

10.    The amendments will not cause any prejudice to the defendants as the Court has stayed the individual claims while the parties conduct the *Monell* claim related to the overall practice. *Johnson v. Oroweat Foods*, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); *Hely & Patterson Intern v. F.D. Rich Housing*, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice

means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"); *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . ."). Therefore, the addition of the new individual Plaintiffs will not delay the existing discovery schedule as the individual issues have been stayed and the addition of the class claims directly relates to the ongoing discovery.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order granting him leave to file a Second Amended Complaint, a copy of which is attached as Exhibit 1.

                                                       Respectfully submitted,

                                                       s/Cassandra P. Miller
                                                       Cassandra P. Miller

Law Offices of Scott T. Kamin
Law Office of Phillip Brigham
Law Office of Jason Epstein
55 E. Jackson Blvd, Suite 1050
Chicago, IL 60604
(312) 322-0077
Ill. Attorney No.: 6226855


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## **CERTIFICATE OF SERVICE**

      I, Cassandra P. Miller, hereby certify that on April 24, 2015, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system and notification of such filing was sent to the following:

Kathryn M. Doi (kdoi@daleymohan.com)
Lindsay Erin Wilson Gowin (lindsay.gowin@cityofchicago.org)
Jason Michael Marx (Jason.Marx@cityofchicago.org)
Matthew P Dixon (matthew.dixon@cityofchicago.org)

                                                                                s/ Cassandra P. Miller
                                                                                Cassandra P. Miller