# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANGEL PEREZ, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 13-cv-4531 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| CITY OF CHICAGO, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Angel Perez, Jose Martinez, Juanita Berry, Calvin Coffey, and Estephanie Martinez ("Named Plaintiffs") filed a six-count class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2), (3) against six named Chicago Police officers, unnamed officers, and the City of Chicago ("Defendants"). In their second amended complaint, the named plaintiffs allege that they and members of the proposed class have been subject to unconstitutional police practices including at Homan Square, a facility that was not a normal police station, without any record of their arrest being made in the official booking databases and without access to counsel. Before the Court is Defendants' partial motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) [145]. In their motion, Defendants argue that the Court should dismiss (1) Plaintiff Juanita Berry's claim for excessive force (Count II), (2) her claim for failure to intervene (Count IV), (3) any corresponding claims for indemnification against the City (Count VI), and (4) the claims asserted by Plaintiffs Estephanie and Jose Martinez on the grounds that the Martinez Plaintiffs' claims are time-barred. For the reasons stated below, the Court grants Defendant's motion [145] and dismisses each of the targeted claims without prejudice.

**I.     Background**

The following facts are taken from Plaintiff's second amended complaint and are accepted as true for the purposes of this motion. This case arises from the alleged unlawful detainment, interrogation, and treatment of Plaintiffs Angel Perez, Juanita Berry, Estephanie Martinez, Jose Martinez, and Calvin Coffey at a police warehouse at the intersection of South Homan Street and West Filmore Avenue in Chicago ("Homan Square"). See [106-1], Sec. Am. Compl. ("SAC") at 4. Plaintiff Perez alleges that on October 19, 2012, he was taken to the nearby Harris Street Police Station, handcuffed to a wall, and questioned about robberies and drug transactions in the Taylor Street area of Chicago. See *id.* at 5–6. Despite his repeated requests, Plaintiff was not permitted to contact a lawyer. *Id.* Approximately two hours later, Plaintiff was released; as he was leaving, police officers stated that they would continue to harass him until they got the information that they wanted. *Id.* at 6.

The next day, Plaintiff Perez met Defendant Officers Lopez and Zablocki at an Al's Beef restaurant on Taylor Street at Lopez's request. The officers drove to the rear of the parking lot and Perez followed them. Zablocki got out of his car, threatened Perez, slammed his head onto the police vehicle, and handcuffed him. Perez then was taken to Homan Square. See [106-1], SAC at 7. Plaintiff Perez alleges that the Chicago Police Department uses Homan Square to hold citizens "incommunicado"—that is, without the formal processing procedures or acknowledgment of the detention—so that police may interrogate citizens and coerce them to cooperate with investigations. See *id.* at 4.

According to Perez, at Homan Square he was handcuffed to a bar and placed in leg shackles. Officers then allegedly spent the next several hours torturing and threatening Perez to coerce him to contact an individual named Dwayne, apparently a local drug dealer, to set up a

2

drug purchase. [132], SAC at 7–8. After Perez refused, Defendants Zablocki and Lopez allegedly sodomized Perez with what Perez believes to have been one of their service revolvers. *Id*. at 9. They threatened to continue unless Perez cooperated with them. Perez finally agreed to set up a meeting with Dwayne, and the officers provided him with money and a recording device. *Id*. at 9–10. After completing the purchase and giving the drugs to the officers, Perez was released.

Plaintiff Perez filed his original complaint [1] against the City of Chicago and Officer Lopez, the only officer whose name he knew at the time, on July 20, 2013. Plaintiff brought claims under 42 U.S.C. § 1983 for excessive force and failure to intervene, a claim for intentional infliction of emotional distress ("IIED"), a *Monell* claim against the City for unconstitutional policies and practices that allowed the alleged excessive force and abuse, and *respondeat superior* and indemnification claims. See [1], Compl. Magistrate Judge Rowland bifurcated the *Monell* claim and stayed discovery on it. See [54]. Plaintiff Perez, then proceeding *pro se*, filed an amended complaint that added five Chicago police officers as defendants, as well as a new claim for tampering with a witness under 18 U.S.C. § 1512. See [74]. Defendant filed a motion to dismiss the witness tampering claim [76], which was stricken as moot, as Plaintiff Perez omitted that claim from his second amended complaint. See [124].

On September 2, 2015, the Court granted Plaintiff Perez's motion for leave to file a second amended complaint. See [124]. In their second amended complaint, the named plaintiffs bring class claims. The plaintiffs allege that they were held at Homan Square, where they were interrogated and mistreated by Chicago police offices. Coffey and Berry were held in February 2015, Jose Martinez in September 2011, and Estephanie Martinez in August 2006. See [106-1], SAC at 11–14. Count I is styled as a § 1983 "secret arrests" class claim against the City of

Chicago for alleged policies and practices—including secretly detaining citizens at places like Homan Square, interrogating citizens without advising them of their *Miranda* rights, attempting to coerce false confessions, denying contact with attorneys or family, and refusing access to food, water, and restrooms—that violate the First and Fourth Amendments. Count I includes two proposed classes: (1) all persons detained by Chicago police where no record of the detainment was created within a reasonable amount of time (Plaintiff suggests one hour from the initial detainment), and (2) all persons who may in the future be subject to the alleged secret arrests.

Count II is brought by plaintiffs Estephanie Martinez and Coffey against the City of Chicago for deprivations of adequate accommodations in violation of the Fourth Amendment. Martinez and Coffey allege that the City has policies and practices of detaining citizens overnight without providing them minimally adequate accommodations for sleeping. Count II also includes two classes: (1) all persons who were detained without public record of the detainment between the hours of 10 p.m. and 6 a.m., and (2) all persons who may in the future be subject to unconstitutional overnight accommodations. Plaintiffs also seek to bring individual § 1983 claims against the named and unknown Defendant officers for excessive force (Count III) and failure to intervene in excessive force (Count IV), as well as state law claims (Count V) and an indemnification claim against the City pursuant to 745 ILCS 10/9-102 (Count VI).

On December 18, 2015, Defendants filed a motion to dismiss Plaintiffs' Second Amended Complaint under Rule 12(b)(6). See [145]. In their motion [145], Defendants ask the Court to dismiss Plaintiff Juanita Berry's claim for excessive force (Count II), her claim for failure to intervene (Count IV), and any corresponding claims for indemnification against the City (Count VI) because Plaintiff Berry has failed to state a claim under Federal Rule of Civil

Procedure 12(b)(6). Defendants also ask the Court to dismiss the claims brought by Plaintiffs Estephanie and Jose Martinez on the grounds that their claims are time-barred.

## II. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly,* 550 U.S. at 558. The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chicago,* 631 F.3d 823, 832 (7th Cir. 2011).

## III. Analysis

In their motion [145], Defendants ask the Court to dismiss Plaintiff Juanita Berry's claim for excessive force (Count III), her claim for failure to intervene (Count IV), and any corresponding claims for indemnification against the City (Count VI) because Plaintiff Berry has

5

failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). Defendants also ask the Court to dismiss the claims brought by Plaintiffs Estephanie and Jose Martinez on the grounds that their claims are time-barred.

### A. Plaintiff Berry's Claims

Plaintiff Berry does not contest the dismissal of her claims asserted in Counts III, IV, and VI and requests that the Court dismiss those claims without prejudice. See [165] at 1, n. 1. Defendants ask the Court to dismiss the claims *with* prejudice, but provides no basis for why the Court should do so. The Court sees no reason to depart from the Seventh Circuit's general rule that when granting a motion to dismiss under Rule 12(b)(6), the Court should do so without prejudice. See, *e.g.*, *Bogie v. Rosenberg,* 705 F.3d 603, 608 (7th Cir. 2013) ("When a complaint fails to state a claim for relief, the plaintiff should ordinarily be given an opportunity, at least upon request, to amend the complaint to correct the problem if possible."); *Bausch v. Stryker Corp.,* 630 F.3d 546, 562 (7th Cir. 2010) (reversing dismissal with prejudice); *Foster v. DeLuca,* 545 F.3d 582, 584–85 (7th Cir. 2008) (reversing dismissal with prejudice where district court did not explain reason for denying leave to amend). Accordingly, the Court dismisses without prejudice Plaintiff Berry's claims in Counts III and IV, as well as her claim under Count VI to the extent it is based on Counts III or IV, and now proceeds to the contested portion of Defendants' partial motion to dismiss: whether the claims asserted by Plaintiffs Estephanie and Jose Martinez are time-barred.

### B. Martinez Plaintiffs' Claims

The Martinez Plaintiffs have alleged class action claims for wrongful "secret arrests" and (Count I) and "deprivation of adequate accommodations" (Count II) both in violation of the Fourth Amendment. Defendants argue that the Martinez Plaintiffs' claims are time-barred

6

because the applicable limitations period for Section 1983 claims brought in Illinois is two years. See [145] at 2 (citing *Woods v. Illinois Dep't of Children & Fam. Servs.*, 710 F.3d 762, 768 (7th Cir. 2013)). According to Defendants, Estephanie Martinez's claims accrued on August 9, 2006, and Jose Martinez's claims accrued on September 29, 2011, and hence were time-barred by the time that the Martinez Plaintiffs first sought relief on March 31, 2015.

Since federal law does not provide a limitations period for § 1983 claims, courts must look to the forum state's law. See *Burnett v. Grattan,* 468 U.S. 42, 49 (1984); *Ray v. Maher,* 662 F.3d 770, 772 (7th Cir. 2011). However, that inquiry inevitably raises the question which state law to apply since states typically have various statutes of limitations for different legal claims. Before *Wilson v. Garcia,* 471 U.S. 261 (1985), the Supreme Court instructed lower courts to apply the state statute of limitations governing the state-law claim that was most analogous to the particular Section 1983 claim. See *Burnett,* 468 U.S. at 49–50. However, this case-by-case approach "spurred time-consuming litigation collateral to the merits of § 1983 claims, which in turn injected a great deal of uncertainty into the law." *Woods*, 710 F.3d at 765 (citing *Wilson,* 471 U.S. at 272–74). In *Wilson*, the Supreme Court abandoned the case-by-case approach in favor of a more elegant one. The Supreme Court held that § 1988(a) "is fairly construed as a directive to select, in each State, the one most appropriate statute of limitations for all § 1983 claims." *Wilson*, 471 U.S. at 275. The Court also held that § 1983 claims are best characterized as personal injury claims and, consequently, that courts should apply the state limitations period governing personal injury claims to all § 1983 claims. *Id.* at 276–80.

*Wilson* did not address what a court should do when a state has multiple limitations periods applicable to different categories of personal injury claims. In *Owens v. Okure,* 488 U.S. 235 (1989), the Supreme Court was asked to determine which of two state-law limitations

7

periods applied to § 1983 claims: the one-year period applicable to various enumerated intentional torts or the three-year residual statute of limitations applicable to personal injury claims not otherwise covered by a specific statute of limitations. *Id.* at 237–38. The Court held "that where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Id.* at 249–50. The Court explained that adopting the alternative approach—in which courts would look to the limitations periods applicable to intentional torts—would lead to the same problems that predated *Wilson,* as courts would be required to determine which one of several intentional torts was most analogous to a particular § 1983 claim. *Id.* at 243–44 & n. 8. Following *Wilson* and *Owens,* the Seventh Circuit "has consistently held that the limitations period applicable to § 1983 actions brought in Illinois is the two-year period for general personal injury actions set forth in 735 ILCS 5/13–202." *Woods*, 710 F.3d at 766 (citations omitted).

Although the limitations period for § 1983 claims is based on state law, federal law determines when such claims begin to accrue. *Savory v. Lyons,* 469 F.3d 667, 672 (7th Cir. 2006). A § 1983 claim begins to accrue—and the clock on the statute of limitations begins to run—"when the plaintiff has 'a complete and present cause of action,' that is, when 'the plaintiff can file suit and obtain relief,'" and this is true "even though the full extent of the injury is not then known or predictable." *Wallace v. Kato,* 549 U.S. 384, 388 (2007) (quotation marks and citations omitted); see also *Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014) ("[T]he statute of limitations for § 1983 actions in Illinois is only two years" and "claims based on out-of-court events * * * accrue as soon as the constitutional violation occurs") (citing *Wallace*, 549 U.S. at 387).

8

In its order on September 2, 2015, the Court pointed the parties to *Lucas v. Williams*, 1995 WL 758167, at *1 (N.D. Ill. Dec. 20, 1995), in which a prisoner's claims for injunctive relief were allowed to stand despite the fact that his damages claims were time-barred by the two-year statute of limitations. But *Lucas* is distinguishable in at least one important respect: the plaintiff in that case had "yearly appearances before the parole board," *id.* at 1, whereas here, the Martinez Plaintiffs only plead that they could be arrested and taken to Homan Square again. See [132] at ¶ 137 ("Plaintiffs Estephanie Martinez and Jose Martinez, seek to represent only Class II of Count I [i.e. "[a]ll persons who may in the future be subject to the secret arrests described in Class One"]). In addition, *Lucas* was decided far before the Seventh Circuit cases cited in this opinion. Finally, *Lucas* failed to discuss the relevant Supreme Court cases, including *Wilson* and *Owens*. The other cases that Plaintiffs cite are the dissenting opinion in *Campbell v. Miller*, 373 F.3d 834, 842 (7th Cir. 2004) and two unpublished district court cases. See [165] at 2, 3, 7. (citing *Builders Ass'n of Greater Chicago v. City of Chicago*, 2001 WL 1464757, at *1–2 (N.D. Ill. Nov. 16, 2001), and *Hill v. Amoco Oil Co.*, 2001 WL 293628, at *6 (N.D. Ill. Mar. 19, 2001)). But none of these cases are binding on this Court, nor do any of them persuade the Court to depart from the clear trend of authority cited above.

Based on the foregoing discussion, the Court concludes that the two-year statute of limitations applies to the Martinez Plaintiffs' claims for injunctive relief and that those claims accrued at the time of their allegedly unlawful seizure and detention. Thus, as for Count I, which are best characterized as unlawful seizure claims, Estephanie Martinez's claim accrued on August 9, 2006 and Joe Martinez's claim accrued on September 29, 2011. See *Moore*, 771 F.3d at 446. The claim in Count II dealing with Estephanie Martinez's confinement in Homan Square

9

also accrued during her time in custody.[1]  As a result, the Martinez Plaintiffs' claims expired on August 9, 2008 (for Estephanie's claim under Count I), August 11, 2008 (for her claim under Count II), and September 29, 2013 (for Jose's claim under Count I).  Accordingly, the Court dismisses the Martinez Plaintiffs claims as time-barred.

Although it seems unlikely that the Martinez Plaintiffs could successfully amend their complaints to state a timely claim given that their current allegations suggest that neither has been subjected to further unconstitutional treatment in connection with Homan Square for nine years and four years, respectively, in an abundance of caution the Court dismisses these claims without prejudice to give Plaintiffs a chance to consider whether they could amend their pleadings to specifically allege in their Second Amended Complaint that they are likely to be arrested again in the future and taken to Homan Square.

## IV.  Conclusion

For the reasons stated above, the Court grants Defendants' motion to dismiss [145] the Martinez Plaintiffs' claims in Counts I and II and Plaintiff Berry's claims in Count III and Count IV as well as Count VI as it applies to Plaintiff Berry based on Count III and Count IV.  All of the dismissals are without prejudice; if the Martinez Plaintiffs' believe that they can successfully replead, they may file a motion requesting leave to file an amended complaint on or before September 26, 2016.

Dated: August 26, 2016

Robert M. Dow, Jr.
United States District Judge

---

[1] Defendants suggest that Jose Martinez has a Count II claim, [145] at 9–10, but the operative complaint only states claims under Count II for Estephanie Martinez and Calvin Coffey.  See [132] at ¶¶ 144–46.