# **EXHIBIT 10**

| | Chicago Police Department | Special Order S06-04 |
|---|---|---|
| | **PROCESSING OF JUVENILES AND MINORS UNDER DEPARTMENT CONTROL** | |

| **ISSUE DATE:** | 08 May 2017 | **EFFECTIVE DATE:** | 08 May 2017 |
|---|---|---|---|
| **RESCINDS:** | Version dated 01 January 2017; Special Order S06-04-01; Special Order 06-04-10 | | |
| **INDEX CATEGORY:** | Processing Persons | | |

I. **PURPOSE**

This directive:

    A.    states Department policy regarding juveniles who come under Department control.

    B.    continues the policy and purpose of the State of Illinois Juvenile Justice Reform Provisions Act of 1998.

    C.    identifies that **a minor who prior to his or her 18th birthday** has violated or attempted to violate, regardless of where the act occurred, any federal, state, county or municipal law or ordinance, will be processed as **a juvenile**.

        NOTE:    The new age requirement applies to violations or attempted violations committed on or after 01 January 2014.

    D.    *sets forth the procedures for processing a juvenile arrestee.*

    E.    *introduces per Public Act 99-0882, effective 01 January 2017:*

        1.    *a Juvenile Miranda Warning to be given to juveniles under 18 years of age prior to any custodial interrogation.*

        2.    *the custodial interrogation of juvenile arrestees taken into custody for felony offenses and misdemeanor Sex Offenses will be electronically recorded.*

        3.    *the public defender must be notified and legal representation must be present for the custodial interrogation of a juvenile arrestee who is under 15 years of age and taken into custody for an offense listed in Item VII-C of this directive.*

        4.    *the public defender's office may represent and have access to a juvenile during a custodial interrogation. This right is not contingent upon a parent/legal guardian having given permission to a public defender to meet with the juvenile.*

    F.    continues the procedures for:

        1.    completing the Daily Log of Juveniles Taken Into Custody (CPD-24.518).

        2.    completing the State of Illinois Monthly Population Form For Law Enforcement (DC 1149).

        3.    taking a juvenile arrestee to a county jail or municipal lockup for the purpose of appearing in a physical lineup.

        4.    transporting juvenile arrestees who are to be detained at the Juvenile Temporary Detention Center.

        5.    obtaining medical clearance for juvenile arrestee who are to be detained.

        6.    disclosing, inspecting, and copying of information about juvenile arrestees.

        7.    arresting a child with disabilities arrested at a school or other agency.

        8.    the processing of a juvenile taken into temporary protective custody as a result of a juvenile prostitution-related incident.

S06-04  Processing of Juveniles and Minors Under Department Control     Current as of 02 January 2019:0839 hrs
© Chicago Police Department, May 2017     Page 1 of 15

   9. processing a juvenile charged with a criminal offense in addition to traffic citations and/or traffic warrants.

 G. satisfies CALEA Law Enforcement Standard Chapter 44.

## II. POLICY

It is the policy of the Chicago Police Department to observe, uphold, and enforce the law impartially. Department members will at all times remain aware of and protect the rights of each juvenile who comes under Department control either as a victim or a perpetrator of a crime.

## III. GENERAL INFORMATION

It is the purpose of the State of Illinois Juvenile Justice Reform Provisions Act of 1998 (705 ILCS 405/5-101) to:

 A. protect citizens from juvenile crime.

 B. hold each juvenile offender directly accountable for his or her acts.

 C. provide an individualized assessment of each alleged and adjudicated delinquent juvenile in order to rehabilitate and to prevent further delinquent behavior.

 D. provide due process, as required by the United States and State of Illinois constitutions .

## IV. SECURE CUSTODY

 A. No juvenile under 10 years of age will be detained in secure custody in a police facility.

 B. No juvenile under 12 years of age will be detained in secure custody in a police facility for more that 6 hours.

 C. No juvenile who is 12 years of age or older will be detained in secure custody in a police facility for more than 12 hours unless the offense is a crime of violence in which case the minor may be detained up to 24 hours.

   **NOTE:** A "crime of violence" means murder, voluntary manslaughter, criminal sexual assault, aggravated criminal sexual assault, predatory criminal sexual assault of a child, armed robbery, robbery, arson, aggravated arson, kidnapping, aggravated battery, or any other felony which involved the use of force or threat of physical force or violence against another individual (720 ILCS 301/1-10).

 D. Unless sooner released, a juvenile taken into secure temporary custody must be brought before a judicial officer within 40 hours for a detention or shelter care hearing to determine whether he or she shall be further held in custody.

 E. Taking a juvenile into a lockup area for the purpose of fingerprinting and photographing does not automatically begin the time restriction limits listed below; it is the act of placing the juvenile in secure custody that initiates the clock.

   **NOTE:** In all cases, the 40-hour time period includes Saturdays, Sundays, and court-designated holidays.

 F. The below two events will delay the commencement of the 40-hour time period:

   1. if the juvenile is hospitalized, the 40-hour time period will not commence until the juvenile is released from the hospital or other place of treatment.

   2. if the juvenile gives false information to law enforcement officials regarding his or her identity or age, the 40-hour period will not commence until the court rules that the juvenile is subject to the Juvenile Court Act and not subject to prosecution under the criminal laws of this State.

 G. Upon a motion filed by counsel and granted by the court, time allowed for the juvenile's counsel to prepare for the detention or shelter hearing will NOT count toward the 40-hour time period.

- H. The time involved in any other delay shall be counted toward the 40-hour time period.
- I. Any juvenile so confined will be under periodic supervision and will not be permitted to come into contact or remain with adults in custody in the police facility,
- J. Whenever it is necessary to take a person under the age of 18 into a police facility for any offense, Department members will avoid, if practical, handcuffing a juvenile to a stationary object or placing a juvenile in a locked room. The time-restriction clock automatically begins with any of these actions.

    **NOTE:** Department members will not jeopardize their own safety, that of the arrestee, or others to conform to this policy

- K. A juvenile may be taken to a county jail or a municipal lockup under the direct and constant supervision of a detective for the purpose of appearing in a physical lineup. The appropriate area detective unit will be notified prior to the lineup so that a detective can be assigned. The lineup will not be conducted without a detective present.

    **NOTE:** For the purposes of appearing in a physical lineup and processing a juvenile, the sight and sound provisions shall not apply (705 ILCS 405/5-410).

- L. *Any adult arrested for a juvenile warrant or an adult arrested for an offense committed when he or she was a juvenile will be processed consistent with the requirements of the Juvenile Court Act and the Department directive entitled "***Processing An Adult Arrested for a Juvenile Warrant or for an Offense Committed When He or She was a Juvenile.***"*

## V. PROCESSING JUVENILE ARRESTEES

- A. *A juvenile arrestee will be fingerprinted and photographed:*

    1. *on each occasion where there is probable cause to believe that the juvenile has committed a felony or a Class A, Class B, or Class C misdemeanor.*
    2. *when there are reasonable grounds to believe that the juvenile has given false information regarding his age and/or identity.*

- B. *Juveniles under the age of 10 will not be fingerprinted unless the arrest is a felony offense and the district station supervisor authorizes it.*
- C. *When processing a juvenile, the arresting officer will:*

    1. *ensure any immediate medical needs of the involved arrestee are addressed, consistent with existing department directives,* "**Processing Persons Under Department Contro**l" *and* "**Hospitalized Arrestees**," ***prior*** *to transporting the juvenile to the district station, arresting officers unit or the Juvenile Intervention and Support Center (JISC).*
    2. *transport or arrange for the transportation of the juvenile to the nearest district, the arresting officer's unit or the JISC, if appropriate.*

        a. *The JISC service area include Districts 002, 007 ,008, 010, 011 and 012. Department members who utilize the JISC for juvenile processing will follow procedures outlined in the Department directive entitled "***Juvenile Intervention and Support Center***." Juvenile arrests within the JISC service area and the following non-district facilities will be processed at the JISC:*

            (1) *Bureau of Patrol and Bureau of Detective Area Centers;*
            (2) *Homan Square Facility;*
            (3) *Airport Law Enforcement Facilities (South);*
            (4) *Juvenile Intervention and Support Center (JISC).*

    3. *record the juvenile's name and arresting officer information on the "Daily Log of Juveniles Taken Into Custody" (*CPD-24.518*).*

4. *ensure the Juvenile Miranda Warning will be given to juveniles under 18 years of age prior to any custodial interrogation consistent with procedures outlined in Item VI of this directive.*

5. *complete an Arrest Report, Investigatory Stop Report (ISR) if necessary, and other pertinent reports for each juvenile taken into custody.*

    **NOTE:** *When an arrestee is placed into custody for circumstances not otherwise requiring the completion of an ISR, an ISR will not be completed. In such cases, the circumstances will be noted in the narrative section of the Arrest Report.*

6. *make every reasonable effort to contact the parent/ legal guardian or person with whom the juvenile resides to notify the person that the juvenile is in custody and where the juvenile is being held.*

7. *record the name of the person notified in the narrative section of the Arrest report and on the "Daily Log of Juveniles Taken Into Custody."*

    **NOTE:** *When unable to make contact, members will record the actions taken in attempts to notify the parent/legal guardian or person with whom the juvenile resides in the Arrest Report.*

8. *present the Arrest Report for each juvenile arrestee to the station supervisor/unit designated supervisor for initial approval of probable cause to detain the juvenile arrestee and to initiate the fingerprinting and photographing processes.*

9. *after the initial approval of the probable cause, escort the juvenile into the district lock-up for fingerprinting and photographing.*

    a. *The juvenile will be searched and accompanied into the lockup by a sworn member of the same sex as the juvenile arrestee. This member will remain with and maintain control of the juvenile and observe the fingerprinting and photographing process.*

    b. *Fingerprinting and photographing of juvenile female arrestees in districts without female detention facilities will be completed in the male lockup. A female officer must escort the juvenile female arrestee.*

10. *contact the appropriate area Special Victims Investigations personnel to request a youth investigator.*

11. *retain control of the juvenile arrestee until the arrival of the assigned youth investigator. The officer will then advise the investigator of the facts and pertinent circumstances of the arrest and turn over custody of the juvenile to the investigator with the Arrest Report and any other related documents.*

    **NOTE:** *In the event of a delay in the investigator's arrival at the district or non-district facility, the juvenile may be left in the care of the responsible Department member designated by the station supervisor/unit designated supervisor.*

12. *if necessary, notify the appropriate area Bureau of Detectives or other follow up unit.*

VI. **JUVENILE MIRANDA WARNING**

*Effective 01 January 2017, and pursuant to Public Act 099-0882 of the State of Illinois, the Juvenile Miranda Warning will be given prior to juveniles under 18 years of age prior to any custodial interrogation.*

- A. *The interviewing Department member will read **the following statement in its entirety, exactly as written and without pausing** to verify comprehension.*

    1. "*You have the right to remain silent. That means you do not have to say anything. Anything you do say can be used against you in court. You have the right to get help from a lawyer. If you cannot pay for a lawyer, the court will get you one for free. You can ask for a lawyer at any time. You have the right to stop this interview at any time.*"

- B. *After reading the above statement, the Department member will ask the juvenile the following questions and wait for the juvenile's response to each question:*

    1. *"Do you want to have a lawyer?"*
    2. *"Do you want to talk to me?"*

- C. *The responses provided by the juvenile will be recorded on the appropriate report.*

VII. **JUVENILE CUSTODIAL INTERROGATION**

- A. *Department members will follow the procedures outlined in Department directives entitled "**Digital Recording of Interrogations**" when the juvenile custodial interrogation will be electronically recorded.*

- B. *Juveniles under 18 years of age in custody for felony offenses and misdemeanor Sex Offenses under Article 11 of the Criminal Code will have their custodial interrogation electronically recorded.*

- C. *Juveniles under 15 years of age at the time of the commission of an offense listed below will have their custodial interrogation electronically recorded and must be represented by legal counsel during the entire interrogation.*

    1. 720 ILCS 5/9-1 — First Degree Murder
    2. 720 ILCS 5/9-1.2 — Intentional Homicide of an Unborn Child
    3. 720 ILCS 5/9-2 — Second Degree Murder
    4. 720 ILCS 5/9-2.1 — Voluntary Manslaughter of an Unborn Child
    5. 720 ILCS 5/9-3 — Involuntary Manslaughter and Reckless Homicide
    6. 720 ILCS 5/9-3.2 — Involuntary Manslaughter and Reckless Homicide of an Unborn Child
    7. 720 ILCS 5/9-3.3 — Drug Induced Homicide
    8. 720 ILCS 5/11-1.20 — Criminal Sexual Assault
    9. 720 ILCS 5/11-1.30 — Aggravated Criminal Sexual Assault
    10. 720 ILCS 5/11-1.40 — Predatory Criminal Sexual Assault of a Child
    11. 720 ILCS 5/11-1.50 — Criminal Sexual Abuse
    12. 720 ILCS 5/11-1.60 — Aggravated Criminal Sexual Abuse

- D. *The public defender must be notified and legal representation must be present for the custodial interrogation of a juvenile arrestee who is under 15 years of age and taken into custody for an offense listed above in Item VII-C in this directive.*

    1. *Interviewing members will telephone Cook County Public Defender's Office at 844-817-4448 (twenty-four hours a day, seven days a week) to notify the on-call public defender of any juvenile under 15 years of age at the time of the commission of an offense listed above in Item VII-C.*

E. *Department members will:*

1. *ensure that the public defender notification and the results are documented in the appropriate report.*

    **NOTE:** *The juvenile's parent/legal guardian does not have to give consent to the public defender to meet privately with their child. Juvenile clients may meet with the public defender without a parent/ legal guardian being present and without their consent.*

2. *make reasonable efforts to ensure a parent or legal guardian is present for a custodial interrogation of a juvenile arrestee under 15 years of age in custody for any felony offense.*

    a. *Reasonable efforts to locate a parent/guardian will include conducting a personal visit to the person's home or the parent/legal guardian's place of work if telephonic contact cannot be made.*

    b. *If reasonable efforts have failed to ensure the presence of a parent or legal guardian, a detective assigned to the appropriate area detective unit will be present during the interrogation.*

    c. *The member who has made reasonable efforts to have a parent or legal guardian present will document the efforts and results on the appropriate case report.*

    d. *The member conducting the interrogation will document on the appropriate case report all individuals present during the interrogation including the identity of the parent / legal guardian.*

    **NOTE:** *The requirement of having a parent or legal guardian present during an interrogation will not apply if the offense being investigated involves a victim who is a family member of the minor or the parent or legal guardian is a co-offender of the minor.*

**VIII. LEGAL VISITATION FOR JUVENILE ARRESTEES**

*Any person in custody, including a juvenile under the age of 18, has the right to an attorney visitation, even if the juvenile is not going to be interviewed by a Department member.*

A. *The juvenile arrestee's parent/legal guardian is not required to give consent nor be present for an attorney or public defender's visitation.*

B. *Juveniles will be permitted to contact their parent/legal guardian by telephone immediately after being informed that an attorney has requested visitation.*

C. *If the juvenile arrestee did not notify their parent/legal guardian of the attorney's visitation request, Department members will contact the juvenile arrestee's parent/legal guardian by telephone notifying them of their child's decision.*

D. *Department members will refer to Department directive entitled "**Arrestee and In-Custody Communication**" for documenting the juvenile arrestee's attorney visitation.*

**IX. SUPERVISORY RESPONSIBILITIES**

A. The station supervisor will:

1. accept custody of the juvenile, the Arrest Report, and other related reports from the assigned officer if the assigned investigator's arrival is delayed.

2. when there is a likelihood of the juvenile escaping or injuring himself or others, (e.g., multiple arrests, violent or disruptive behavior, etc.) evaluate the circumstances and, if appropriate, direct the responsible Department members to place the juvenile in secure custody.

3. be aware of the number of juveniles awaiting processing by the investigator, and provide assistance when necessary to ensure the safety of the investigator and the security of the juvenile arrestees.

4. when necessary, arrange through the OEMC for transportation of a juvenile arrestee for secure, alternate non-secure detention or other appropriate location.

5. when the fingerprint check reveals that an arrestee processed as a juvenile is, in fact, an adult inform the assigned investigator and delegate the responsibility of processing the arrestee as an adult.

6. waive the results of fingerprint clearance, but not the fingerprinting:

   a. if the juvenile is being charged with an offense which is under the jurisdiction of the Juvenile Court; and

   b. 45 minutes have elapsed since the fingerprints were sent to the Identification Section; and

   c. if the investigator has ascertained the juvenile's identity, and a name check has been conducted to determine if there are any warrants.

7. review for accuracy and acknowledge approval of all final charges after the investigator has presented the completed Arrest Report.

   a. *The juvenile's CHRIS Criminal History record (Rap Sheet) will be attached to each Arrest Report.*

   b. Station supervisors will not wait for an updated Criminal History Record which incorporates the present arrest information before final approval of charges.

   c. By memorandum, the Cook County State's Attorney's Office has given the Department the authority to give station adjustments to juveniles who, because of the number of prior station adjustments, cannot be given another station adjustment without State's Attorney's Office approval. The State's Attorney's Office will subsequently review each of these cases to determine if another disposition may be more appropriate.

8. retain a copy of the Arrest Report for filing in the district Arrest Report file.

9. review the "Daily Log of Juveniles Taken Into Custody" for completeness.

B. District/Unit Supervisors will ensure:

1. *the Juvenile Miranda Warning was given to the juvenile arrestee prior to any custodial interrogation.*

2. *members follow the procedures outlined in Department directives entitled "**Digital Recording of Interrogations**" when the juvenile custodial interrogation will be electronically recorded.*

3. *reasonable efforts were made to ensure a parent or legal guardian is present for a custodial interrogation of a juvenile arrestee under 15 years of age in custody for any felony offense.*

4. the appropriate area detective unit will be notified prior to taking any formal statement from a juvenile arrestee when a parent/ legal guardian is not present. The formal statement will not be taken without a parent/legal guardian or detective present.

5. *the public defender has been notified and legal representation is present for a custodial interrogation of a juvenile under 15 years of age and arrested for an offense listed in Item VII-C.*

6. the court information for each juvenile arrestee within the CLEAR arrest report is updated at the time that the CLEAR arrest report is in a "Ready for Court / Bond Info" status by:

   a. selecting for all juvenile arrests being referred to Juvenile Court "JUVCT" in the "Court Branch" field and indicating the appropriate court date in the "Initial Court Date" field.

      b. verifying for all juvenile arrests NOT being referred to Juvenile Court that the "Court Branch" and the "Initial Court Date" fields are blank.

      **NOTE:** For juvenile arrests processed at the Juvenile Intervention and Support Center (JISC), the JISC watch coordinator will ensure the required entries are properly recorded.

  7. the Daily Log of Juveniles Taken Into Custody form (CPD-24.518) will be maintained at each district desk under the control of the station supervisor; the log will identify the name and reason for detention for each juvenile arrested. In addition, the date and time will be recorded on the log whenever a juvenile is placed in secure custody.

C. District Commanders will ensure:

  1. the State of Illinois Monthly Population Form For Law Enforcement (DC 1149) is completed on a monthly basis.

      **NOTE:** The commander will designate a member to transcribe the pertinent information from the Daily Log of Juveniles Taken Into Custody onto the State of Illinois Monthly Population Form For Law Enforcement. Only data that pertains to juveniles who have been placed in secure custody will be entered on the form.

  2. a district copy of the State of Illinois Monthly Population Form For Law Enforcement (DC 1149) is retained in the district file for one year.

  3. the original and second copy of the State of Illinois Monthly Population form are submitted to the Chief, Bureau of Patrol, no later than five days after the last day of the month.

      **NOTE:** The State of Illinois Monthly Population Form For Law Enforcement for the districts in the JISC service area will be completed by JISC personnel

  4. District commanders will ensure that the "Daily Log of Juveniles Taken Into Custody" is retained in the district in accordance with the current Forms Retention Schedule.

  5. The Chief, Bureau of Patrol, will ensure a designated member of Bureau of Patrol Administration forwards the completed State of Illinois Monthly Population Form For Law Enforcement to the Research and Development Division no later than seven days after the last day of the month.

X. **YOUTH INVESTIGATOR RESPONSIBILTIES**

  A. *The youth investigator assigned to process the arrest will:*

    1. *accept custody of the juvenile, the Arrest Report, and other related reports from the arresting officer/ station supervisor.*

    2. *if not already notified, notify or attempt to notify the juvenile's parent, other person legally responsible for the juvenile's care, or the person with whom the juvenile resides.*

      **NOTE:** *When unable to make contact, the investigator will make repeated attempts and will record on the Arrest Report the actions taken in each attempt.*

    3. *if notified that a fingerprint check reveals that an arrestee processed as a juvenile is, in fact, an adult, immediately inform the district station supervisor.*

    4. *if notified that a fingerprint check reveals that the juvenile arrestee has misrepresented himself as another juvenile, record the alias of the arrestee in the Arrest Report.*

5. *notify the district station supervisor when further investigation reveals that there is not sufficient probable cause to believe that the juvenile arrestee committed any offense(s) and that the juvenile should be released without charging.*

6. *determine the proper police disposition of the juvenile arrestee which is most consistent with the Youth Investigations Division established procedures and the Juvenile Justice Reform Provisions Act of 1998.*

XI. **JUVENILE ARREST DISPOSITIONS**

    A. *If the police disposition is either an informal or formal station adjustment, the investigator will:*

        1. *insert "Informal Station Adjustment" or "Formal Station Adjustment" in the "Dispositions" box on the Arrest Report.*

        2. *present the completed Arrest Report to the station supervisor for final approval.*

        3. *release the juvenile arrestee to a parent, other person legally responsible for the juvenile's care, the person with whom the juvenile resides, or other responsible adult approved by such persons in accordance with current Youth Investigations Division procedures.*

        4. *process the juvenile in accordance with current Youth Investigations Division procedures if a parent, other person legally responsible for the juvenile's care, or the person with whom the juvenile resides cannot be found, or after being notified, this person has not appeared at the district facility in a reasonable period of time to accept control of the juvenile. Document on the Arrest Report the location where the juvenile will be held.*

        5. *ensure that the arrest documents are distributed as required, submit a copy of the Arrest Report to the station supervisor for filing in the district Arrest Report file.*

    B. *If the police disposition is a referral to the Juvenile Court, the investigator will:*

        1. *record the disposition in the appropriate box in the Arrest Report.*

        2. *prepare a Circuit Court of Cook County-Juvenile Justice Division "Notice To Appear At A Court Hearing," which must be signed by the parent, other person legally responsible for the juvenile's care, or the person with whom the juvenile resides.*

        3. *record the court information in the appropriate box on the Arrest Report.*

        4. *release the juvenile arrestee to a parent, other person legally responsible for the juvenile's care, the person with whom the juvenile resides, or other responsible adult approved by such persons. The investigator will:*

            a. *give one copy of the "Notice To Appear At A Court Hearing" to this individual.*

            b. *attach a copy of the "Notice To Appear At A Court Hearing" to the Court Copy of the Arrest Report.*

            c. *submit a copy of the Arrest Report to the station supervisor for filing in the district Arrest Report file.*

        5. *notify the parents/legal guardian of a juvenile directed to court with the correct court date and time of the hearing.*

        6. *follow the procedures outlined in this Department directive if the juvenile is not picked up by the parent, other person responsible, or other person with whom the juvenile resides.*

    C. *If the police disposition requires the juvenile arrestee be confined to home detention, or to the Manuel Saura Center (males and females) until the court date, the investigator will:*

        1. *record the court information in the appropriate box on the Arrest Report.*

        2. *record the disposition in the appropriate space on the Arrest Report.*

        3. *if the juvenile will be confined to home detention until the court date, prepare a Circuit Court of Cook County-Juvenile Justice Division "Notice To Appear At A Detention Hearing," and ensure that signatures are obtained. Give one copy to the parent, other person legally*

*responsible for the juvenile's care, or the person with whom the juvenile resides. Additionally, give one copy to the juvenile arrestee and attach the original to the Court Copy of the Arrest Report.*

4. *if the juvenile will be confined to the Manuel Saura Center (males and females) until the court date, prepare a Circuit Court of Cook County-Juvenile Justice Division "Notice To Appear At A Detention Hearing," and ensure that signatures are obtained. Give one copy to the juvenile arrestee, and attach the original to the Court Copy of the Arrest Report. The remaining copy will accompany the juvenile to the Manuel Saura Center.*

5. *notify the station supervisor that the juvenile will be detained and submit a copy of the Arrest Report for filing in the district Arrest Report file.*

6. *inform the station supervisor that the juvenile is ready for transportation to the Manuel Saura Center. The Transportation Copy of the Arrest Report will accompany the juvenile, and will be turned over to Manuel Saura Center detention personnel by the transporting officers.*

D. *If the police disposition requires the juvenile to be confined at the Cook County Juvenile Temporary Detention Center until the court date the investigator will:*

1. *record the court information in the appropriate box on the Arrest Report.*

2. *prepare a Circuit Court of Cook County-Juvenile Justice Division "Notice To Appear At A Detention Hearing" and ensure that signatures are obtained. Give one copy of the Notice to the parent, other person legally responsible for the juvenile's care, or the person with whom the juvenile resides. Additionally, give one copy to the juvenile arrestee and attach the original to the Court Copy of the Arrest Report.*

3. *notify the station supervisor that the juvenile will be detained and submit a copy of the Arrest Report for filing in the district Arrest Repot file.*

4. *inform the station supervisor that the juvenile is ready for transportation to the Cook County Juvenile Temporary Detention Facility. The Transportation Copy of the Arrest Report will accompany the juvenile and will be turned over to the Intake Section personnel by the transporting officers.*

5. *present the completed Arrest Report to the station supervisor for final approva*l.

6. *complete the "Time Released / Transferred" box on the "Daily Log of Juveniles Taken Into Custody."*

E. *The investigator is responsible for determining the appropriate disposition of the juvenile which is consistent with the current procedures of the Youth Investigations Division and applicable portions of the Juvenile Court Act and documenting the disposition in the Arrest Report.*

XII. **OTHER PERSONNEL RESPONSIBILTIES**

A. *Lockup personnel will:*

1. *fingerprint and photograph juveniles in an expeditious manner (i.e., juveniles will be processed before adult arrestees even if the adult arrestees were in the lockup before the juvenile).*

2. *secure all adult arrestees in the lockup's general processing area before bringing the juvenile into the lockup for fingerprinting and photographing.*

   **NOTE:** *It is not necessary to maintain sight and sound separation of juveniles from arrested adults while fingerprinting or photographing the juvenile.*

3. *complete the lock-up section and record the time fingerprinted and the time photographed in the appropriate boxes in the Arrest Report.*

4. *ensure that when the fingerprinting and photographing process is completed, the juvenile is immediately escorted from the lockup.*

S06-04   Processing of Juveniles and Minors Under Department Control   Current as of 02 January 2019:0839 hrs
© Chicago Police Department, May 2017                                    Page 10 of 15

B. *Identification Section personnel will:*

1. *give the highest priority to all fingerprint clearances of juvenile arrestees.*
2. *perform hot desk and alpha warrant checks and upon fingerprint verification, immediately fax a copy of the CHRIS Criminal History record to the district of detention.*
3. *in cases in which the juvenile is to be charged as an adult, follow the adult prisoner processing identification and warrant check procedures.*

XIII. **TRANSPORTATION OF JUVENILE ARRESTEES WHO ARE TO BE DETAINED**

A. When required, the arresting officer/transporting officer will be responsible for transportation of juvenile arrestees who are to be detained, including those arrested on juvenile arrest warrants, to the Juvenile Temporary Detention Center (JTDC).

B. Department members will adhere to the following schedules and procedures when transporting juvenile arrestees to the JTDC:

1. during regularly scheduled court days between the hours of 0600 and 1100:

    a. members will report with the juvenile arrestees to the CPD Police Room and submit the necessary court paperwork to court section personnel assigned to the CPD Police Room.

    b. following review of court paperwork, officers will remain with the juvenile arrestees until physical custody is transferred to the Cook County Sheriff.

2. during Saturdays, Sundays, and designed court holidays between the hours of 0600 and 0800:

    a. members will report with the juvenile arrestees to the CPD Police Room and submit the necessary court paperwork to court section personnel assigned to the CPD Police Room.

    b. following review of court paperwork, officers will remain with the juvenile until physical custody of youth is transferred to the Cook County Sheriff.

    **NOTE:** The CPD Police Room at the JTDC will be staffed by court section personnel each day, including Saturdays, Sundays, and designed court holidays.

3. during regularly scheduled court days, Saturdays, Sundays, and court holidays that fall outside of the above-mentioned hours in *Items XIII-B-1 and XIII-B-2:*

    a. members will report with juveniles to the Intake Department and submit the necessary court paperwork to JTDC staff assigned to the Intake Department.

    b. following review of court paperwork, officers will remain with the juvenile until physical custody is transferred to JTDC staff.

XIV. **MEDICAL CLEARANCE OF ARRESTED JUVENILES WHO ARE TO BE DETAINED**

When necessary, the arresting officer or transporting officer will be responsible for obtaining medical clearance for juvenile arrestees **prior** to their admission to the Cook County Juvenile Temporary Detention Center or the Manuel Saura Center.

A. The presiding judge of the Juvenile Justice Division has authorized Department members to sign for the medical examination and treatment of any juvenile in their custody who will be admitted to the Cook County Juvenile Temporary Detention Center or the Manuel Saura Center.

B. Juveniles who are injured, seriously ill, taking medication, under the influence of drugs or narcotics, displaying bizarre behavior, or suffering from illnesses such as epilepsy, diabetes, asthma, etc., will be examined at a hospital prior to admission to a detention facility.

- C. Particular attention must be given to eye injuries, head injuries, dog bites, open wounds, and sutures. If a Department member is aware of any injury or illness, this information should be provided to hospital personnel in order to assist them in providing appropriate medical care.
- D. Department members should use Cook County Hospital facilities; however, a medical clearance from any approved hospital, as listed in the current directive entitled "**Approved Medical Facilities**," will suffice. The medical clearance will be obtained from the attending physician.
- E. The medical clearance must be written, legible, and address the specific injuries, illnesses, or complaints.
- F. The medical clearance will be taken with the arrest documents and the juvenile to the Intake Department of the Cook County Juvenile Temporary Detention Center or the Manuel Saura Center.
- G. *If the results of the medical clearance examination require that the juvenile be admitted to the hospital, the arresting officer will*:
  1. *notify the appropriate area Special Victims Investigations or the JISC processing detective to determine if a hospital guard detail is needed. This notification will be done by the arresting officer's station supervisor/unit designated supervisor if the arresting officers are unavailable.*
     - a. *The assigned Special Victim Investigations or JISC processing detective will contact the Cook County Juvenile Probation and Court Services Department Detention Screening Unit and inform the Detention Screening officer of the charge or charges alleged against the minor and his/her current medical status.*
     - b. *The Probation Intake Screening Unit will review the case and the involved juvenile's background immediately to identify those cases where secure detention (i.e., hospital guard detail) will be necessary.*
- H. *If secure or non-secure detention is **not authorized**, the investigation detective shall give the minor and/or the minor's parent/legal guardian the court date and no hospital guard detail will be required.*
- I. *If secure or non-secure detention is **authorized**, the investigating detective will:*
  1. *notify the district station supervisor of the district of arrest who will notify the Crime Prevention and Information Center (CPIC) to establish a hospital guard detail.*
- J. *When a juvenile is admitted to the hospital and a hospital guard detail is necessary, Department members will follow the provisions of the Department directive entitled "**Hospitalized Arrestees**."*

## XV. RELEASE OF INFORMATION REGARDING ARRESTED JUVENILES

- A. Department members will **not** disclose the identity of any juvenile when releasing information to the general public relating to the arrest, investigation, or disposition of any case involving a juvenile.

  **NOTE:** The Juvenile Court Act of 1987 enumerates limited exceptions regarding the disclosure of the identity of a juvenile charged with certain crimes; however, it is the policy of the Chicago Police Department to not disclose the identity of a juvenile when releasing information to the general public [705 ILCS 405/5-905(b)].

- B. Inspection and copying of law enforcement records maintained by the Department regarding the arrests of juveniles before their **18th birthday** will be restricted to the following individuals:
  1. a judge of the circuit court and members of the staff designated by the judge.
  2. law enforcement officers, probation officers, prosecutors, or their staff.
  3. the arrested juvenile, the juvenile's parents / legal guardian and their attorneys, but only when the juvenile has been charged with an offense.
  4. adult and juvenile prisoner review boards.
  5. authorized military personnel.

6. persons engaged in bona fide research, with the permission of a judge of the juvenile court, provided that the publication of such research results in the nondisclosure of the identity of a juvenile.

7. persons responsible for supervising and providing temporary or permanent care and custody of the minor pursuant to orders of the juvenile court or directives from officials of the Department of Children and Family Services or the Department of Human Services who certify in writing the information will not be disclosed to any other party.

8. the appropriate school official only if the agency or officer believes that there is an imminent threat of physical harm to students, school personnel, or others who are present in the school or on school grounds.

XVI. **TRAFFIC OFFENSES**

  A. *In cases where a juvenile is charged with a criminal offense, in addition to traffic citations and/or traffic warrants, ALL traffic citations and traffic warrants will be sent to Traffic Court.*

   1. *Department members will complete all traffic-related processing in the district of arrest or non-district facility prior to*:

      a. *the juvenile being processed on criminal charges.*

      b. *the juvenile being turned over to the follow-up investigator.*

      c. *transporting the juvenile to JISC or the appropriate area.*

   2. *Department members will list the court date, time, room number, citation number(s), and violation number (s) in the narrative portion of the Arrest Report.*

  B. *For traffic violation citations, traffic warrants, and DUI investigations, Department members will:*

   1. *transport the juvenile to the district of arrest or the arresting officer's unit without unnecessary delay.*

   2. *ensure the traffic citations are sent to traffic Court in accordance with procedures outlined in the Department directive "**Traffic Court Citing and Scheduling**."*

  C. *In the event the juvenile in custody is unable to post cash bond, and said warrant has been issued for a violation of the Illinois Vehicle Code or Chicago Municipal Ordinance, and is returnable to the Chicago Traffic Court, the Presiding Judge of the First Municipal District has authorized the release of the juvenile by the executing on the Individual Bond (I-Bond) in the amount of the bail set on the warrant.*

  D. *The I-Bond must be signed by the juvenile as principal and the parent/legal guardian must sign directly above the juvenile's signature as surety.*

  E. *If the juvenile is in custody for a No Bond traffic warrant or a felony DUI investigation, the Department member will notify the appropriate area Special Victims Investigations and follow the Youth Investigations Division current procedures.*

   1. *If felony DUI charges are not approved by Felony review, the case will be sent to Traffic Court and the arrestee will post cash bail or be issued an I-Bond .*

XVII. **PROSTITUTION RELATED OFFENSES**

  A. Any Department member taking a juvenile into temporary protective custody for a juvenile prostitution-related incident will:

   1. not charge a person under the age of 18 with any prostitution-related violation. It is the policy of the Chicago Police Department to follow the precedent established under 720 ILCS

        5/11-14(d) whereby a person under the age of 18 is immune from prosecution for a prostitution offense.

> **NOTE:** Juveniles who have been taken into protective custody for prostitution are immune from prosecution for the offense of prostitution only and will be processed for any other committed offenses.

2. complete the appropriate case report documenting the incident and necessary notifications.

3. notify the Illinois Department of Children and Family Services State Central Register which will conduct an investigation within 24 hours.

4. notify the Department Human Trafficking Team (HTT) 24-hour hotline. A member of the HTT will respond to interview the juvenile and conduct a follow-up investigation.

> **NOTE:** Only after having been interviewed by a member of the Department HTT will the juvenile be released without charging.

5. ensure the juvenile is remanded to the custody of the Department HTT or the Illinois Department of Children and Family Services for further processing.

## XVIII. CHILD WITH DISABILTITES ARRESTED AT A SCHOOL OR OTHER AGENCY

Pursuant to the Federal Individuals with Disabilities Education Improvement Act of 2004, when a school or other agency reports a crime committed by a child with a disability, and the child is subsequently arrested, the reporting administrator is required to ensure that copies of the child's special education and disciplinary records are given to the arresting officer to be included in the arrest packet for consideration by the authorities who will adjudicate the incident. Arresting officers will:

A. accept any packet of information regarding special education status and disciplinary records that the administrator at the school or agency provides.

B. ensure that the packet provided by the school or agency is given to the detective assigned to the case for inclusion in the juvenile court paperwork.

C. in all instances, included a copy of the packet provided by the school or agency in the juvenile file following existing retention schedules.

(Items indicated by *italic/double underline* were added or revised)


Authenticated by: KC

        Eddie T. Johnson
        Superintendent of Police

17-002 SDR

**ADDENDA:**

1. S06-04-03 - Processing Juvenile Arrestees Charged As Adults
2. S06-04-04 - Arrestees Processed As Adults and Later Determined To Be Juveniles
3. S06-04-05 - Abused, Neglected, Dependent or Abandoned Children Coming Under Department Control
4. S06-04-06 - Juvenile Intervention and Support Center
5. S06-04-07 - Juvenile Felony Review Pilot Program
6. S06-04-08 - Processing School Absentees
7. S06-04-09 - Processing Curfew Violators