UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGEL PEREZ, ET AL. et al., <br> Plaintiff, <br><br> v. <br><br> CITY OF CHICAGO, et al. <br> Defendants. | No. 13-cv-04531 |

1. Defendant is correct the deadline to disclose was March 15th.

2. After the March 7th, 2019 status the order was received by email.

3. Both sides agreed that it was not what was contemplated and was off by two months. (Ex. 1)

4. I mistakenly delayed disclosure on the idea that the two months included our disclosure such that the next deadline was May 15th, 2019.

5. Defendant suggested it be filed agreed to modify the order as 'we were saying the same thing'. (Ex. 1)

6. When defendant pressed plaintiff for disclosure the agreed motion was filed. Plaintiff assumed defendant was attempting to stand on the order as written and not as contemplated.

7. Plaintiff did so and there was a disagreement as to the disclosure date.

8. Plaintiff immediately agreed to withdraw as defendant was saying it was not agreed, it was filed in the wrong court room and to take time to review the matter as opposing counsel has been forthcoming in the past with matters.

9. Co-counsel for plaintiff agreed with defendant that I was mistaken as to the disclosure but not as to the discovery schedule needing to be modified.

10. As such the motion to modify the expert discovery dates was agreed but not including the disclosure date.

11. The matter would have been rectified prior to court action but the court acted with great dispatch.

12. The motion to dismiss the defendants discussed has been filed.

Motion to Bar

13. As for the motion to bar defendant offers no prejudice to them in extending the period. The prejudice to plaintiff will be great in limiting his evidence at trial in proving his assault.

14. The rules provide that the experts be disclosed 'at least 90 days before the date set for trial' or as the court orders. FRCP 26(a)(2)(d).

15. The above is 'absent a court order'. In this matter there was a court order but the rules may provide guidance as to defendants prejudice in the delay.

16. We have no trial date set as of the writing of this motion. It is likely to be on the outside of six months to a year to get a trial date.

17. The delay was due to confusion over the last order and the having to

chase doctors about for scheduling. Additionally an expert was all but retained when apparent conflicts arose and a new expert had to be obtained. The delay was not intentional or in attempt to obstruct the proceedings of this court.

18. As of this filing plaintiff has disclosed one of his experts, a doctor which defendant has previously deposed as a witness.

19. The other expert is set to meet with Mr. Perez on May 1st, 2019 her earliest date to see plaintiff.

WHEREFORE, Plaintiff moves this Court to deny defendants motion to bar and allow him to disclose one remaining doctor within 30 days.

Jason R. Epstein
Law Offices of Jason R. Epstein
190 S. LaSalle Ste. 2100
Chicago, 1L 60604
(312)869-2603
Krime@KriminalDefense.com