# **EXHIBIT 15**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANGEL PEREZ, | ) | |
| | ) | 13 C 4531 |
| Plaintiff, | ) | |
| v. | ) | Judge Dow |
| | ) | |
| CHICAGO POLICE OFFICER | ) | Magistrate Judge Rowland |
| JORGE L. LOPEZ and the | ) | |
| CITY OF CHICAGO, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' JOINT INITIAL RULE 26(a)(1) and 26(a)(2) DISCLOSURES

Defendants, the City of Chicago, by its attorney, Stephen Patton, Corporation Counsel, and Jorge Lopez, by one of his attorneys, Kathryn Doi, Senior Counsel, pursuant to Rules 26(a)(1) and 26(a)(2) of the Federal Rules of Civil Procedure, hereby make the following initial disclosures:

**(1) Initial Disclosures**

**A. The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses is as follows:**

The following is a list of persons who are likely to have discoverable information regarding the allegations made in the Complaint. All individuals disclosed by Plaintiff in his Rule 26(a)(1) disclosures are also incorporated herein. This list is not exhaustive, and is subject to supplementation after Defendants have had an opportunity to conduct discovery:

1. **Plaintiff Angel Perez**: information concerning the facts of the alleged incident giving rise to the complaint and alleged injuries.

2. **Defendant Jorge Lopez**: information concerning the facts of the alleged incident giving rise to the complaint. To be contacted through his counsel, Kathryn Doi.

3. **P.O. John Dolan #7722**, Chicago Police Department, to be contacted through counsel for the City: will testify to all matters concerning his involvement in the alleged incident which is the subject of this lawsuit.

4. **Sgt. Matthew Cline #2184**, Chicago Police Department, to be contacted through counsel for the City: will testify to all matters concerning his involvement in the alleged incident which is the subject of this lawsuit.

5. **P.O. Edmund Zablocki #7505**, Chicago Police Department, to be contacted through counsel for the City: will testify to all matters concerning his involvement in the alleged incident which is the subject of this lawsuit.

6. **P.O. Herbert Betancourt #16976**, Chicago Police Department, to be contacted through counsel for the City: will testify to all matters concerning his involvement in the alleged incident which is the subject of this lawsuit.

7. **E/T Angelo Marconi #16570**, Chicago Police Department, to be contacted through counsel for the City: will testify to all matters concerning his administration of a buccal swab to Plaintiff on December 5, 2012 with regard to the underlying incident, including the procedures and methodology in obtaining the buccal swab, and any observations of and conversations with Plaintiff.

8. **Inv. Brian Killen #129**, Independent Police Review Authority, 1615 W. Chicago Avenue, 4th Floor, Chicago, Illinois: expected to testify to all matters regarding his involvement in the IPRA investigation into the alleged incident giving rise to the complaint.

9. **Inv. Nina Corley #157**, Independent Police Review Authority, 1615 W. Chicago Avenue, 4th Floor, Chicago, Illinois: expected to testify to all matters regarding her involvement in the IPRA investigation into the alleged incident which is the subject of this lawsuit.

10. **Inv. Margarita Galindo #135**, Independent Police Review Authority, 1615 W. Chicago Avenue, 4th Floor, Chicago, Illinois: expected to testify to all matters regarding her involvement in the IPRA investigation into the alleged incident which is the subject of this lawsuit.

11. **Carlos De La Pena**, Castillo Delivery Service, 3050 W. Belmont, Chicago, IL: information concerning the facts of the alleged incident giving rise to the complaint in his capacity as Plaintiff's district manager, including any interactions or communications with Plaintiff on or about the dates of the alleged incident.

12. **John Zhong**, Dosirak Restaurant, 1514 W. Taylor, Chicago, IL: information concerning the facts of the alleged incident giving rise to the complaint, including

2

any interactions or communications with Plaintiff on or about the dates of the alleged incident.

13. **Michael Mathews**, Forensic Scientist III, and **Andrea K. Paulsen**, Forensic Scientist Illinois State Police, Division of Forensic Services, Forensic Science Center at Chicago, 1941 West Roosevelt Road, Chicago, IL 60608: Each of these witnesses is expected to testify with regard to his/her involvement in the investigation of the incident subject to this lawsuit, including, but not limited to evidence collected, pictures/videos taken, and any forensic testing and results. He/she will testify as to any role he/she had in the IPRA investigation, conclusions he/she made and how he/she came to such conclusions, including but not limited to the subject matter contained in and any opinions rendered or information that may be given at his/her deposition. He/she is expected to give testimony regarding his/her education, training and professional background, and what his/her duties, assignments and responsibilities were as they related to the IPRA investigation. He/she will testify that he examined the DNA swabs that were taken from the officers' weapons and the buccal swab administered to Plaintiff. He/she will testify as to reasons for his/her examination, what the examination was, the equipment used in the examination, the science involved in the examination and conclusions reached, and the results of the examination, including what it means when the results indicate that there is insufficient DNA profile left on the items. He/she will testify as to how or why DNA can be removed, not deposited or not detected based on a number of factors, including how much an item is handled, how many people handle a certain item, differences in how many skin cells people shed, and the fact that DNA profile strength can differ between two people touching the same item. He/she will testify that typically it is more difficult to find a DNA profile using skin cells rather than blood or semen. He/she will also testify as to any and all other tests he/she performed and the results of those tests. He/she will testify that all his/her opinions are based upon a reasonable degree of scientific certainty in his/her specialty and that his/her opinions are based on education, training and experience. He/she will lay the foundation for all the reports he/she created and any other report from the Illinois State Police, Division of Forensic Services.

14. **Fernando Ojea, M.D.**, Greenview Health Center, 5025 N. Paulina Street, Suite 101, Chicago, IL 60640: will testify to all matters relating to the care and treatment of Plaintiff for his alleged injuries arising from this incident, including information regarding his observations of, interaction with, diagnosis and treatment of Plaintiff on October 24, 2012 in his capacity as a physician, including any and all opinions, conclusions or inferences made after speaking with and examining Plaintiff; may provide testimony regarding Plaintiff's medical history and general condition of his health at the time, including but not limited to, any statements made by Plaintiff, any illnesses or disorders Plaintiff was suffering from, any present or past medical complaints, and any medications or substances that Plaintiff may have been prescribed, administered at the hospital or was taking

on his own. All opinions will be offered to a reasonable degree of medical certainty within his speciality.

15. **Any and all individuals disclosed by Plaintiff and Defendants through their Rule 26 disclosures and written discovery responses.**

Investigation continues. This disclosure is not intended to be a final list of possible witnesses in this matter. Defendants reserve the right to supplement this disclosure as the investigation continues. Defendants also reserve the right to call any witness disclosed by Plaintiff at the trial of this matter. Chicago Police employees may be contacted through the undersigned.

**B.     A copy of, or a description by category and location of all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its defenses:**

Defendants disclose the following attached documents, the redacted Complaint Register file (Log No. 1057930), Bates-stamped FCRL000001-000465, enclosed herewith and marked as confidential pursuant to the protective order. Investigation continues. This disclosure is not intended to be a final list of possible documents to be used in this matter. Defendants reserve the right to supplement this disclosure as the investigation continues.

**C.     Computation of damages claimed by Defendants:**

Defendants claim no damages at this time.

**D.     Any insurance agreement from which any judgment against Defendants could be satisfied.**

Defendant Lopez is an employee of the City of Chicago, which is primarily self-insured. On October 20, 2012, the City of Chicago was self-insured for settlements and judgments up to and including $15 million per occurrence. For settlements or judgments covered by the City's excess liability policy in excess of $15 million, the City has the following coverage up to **$55**

4

million:

    Starr Surplus Lines Insurance Company
    $5,000,000 per occurrence/aggregate, where applicable

    Axis Surplus Insurance Company
    $5,000,000 per occurrence/$10,000,000 aggregate

    Ironshore Europe Limited
    $5,000,000 per occurrences/$10,000,000 aggregate

    Starr Indemnity and Liability Company
    $10,000,000 per occurrence/aggregate, where applicable

    Weschester Surplus Lines Insurance Company
    $15,000,000 per occurrence/aggregate, where applicable

    Argo Re Limited
    $10,000,000 per occurrence/aggregate

    Ironshore Europe Limited
    $5,000,000 per occurrence/aggregate

DATED: October 8, 2013

                                                  Respectfully submitted,

                                                  STEPHEN R. PATTON
                                                  CORPORATION COUNSEL
                                                  CITY OF CHICAGO,

By:        _____
                                                  JASON MARX
                                                  Assistant Corporation Counsel
                                                  Attorney for Defendant City

30 N. LaSalle St., Suite 900
Chicago, IL 60602
(312) 744-8364

                                                  _____
                                                  KATHRYN DOI
                                                  Senior Counsel
                                                  Attorney for Defendant Lopez

30 N. LaSalle St., Ste. 900
Chicago, IL 60602
(312) 744-0742

5