# EXHIBIT 18

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANGEL PEREZ, | ) | |
| | ) | 13 C 4531 |
| Plaintiff, | ) | |
| | ) | Judge Dow |
| v. | ) | |
| | ) | Magistrate Judge Rowland |
| City of Chicago Police Officer JORGE L. | ) | |
| LOPEZ and THE CITY OF CHICAGO | ) | |
| | ) | Jury Demand |
| Defendants. | ) | |

**DEFENDANT LOPEZ'S ANSWERS AND OBJECTIONS
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant Jorge Lopez, by and through one of his attorneys, Kathryn Doi, Senior Counsel for the City of Chicago, for his answers and objections to Plaintiff Angel Perez's First Set of Interrogatories, states as follows:

1. Detail the first incident with Plaintiff. Use a timeline to separate and distinguish all dialog used by Officer Jorge Lopez, his partners, Plaintiff. From start to finish, including the ten minutes before the stop, and thirty (30) minutes after last communication with Plaintiff, either via phone, text or through Plaintiff's job.

**ANSWER:** Defendant Lopez objects to this interrogatory as overly broad, unduly burdensome, improper as it calls for confidential information that could endanger Defendant and other officers, and more suitable to be ascertained from an oral deposition. Subject to and without waiving these objections, in answering, Defendant Lopez directs Plaintiff to the summary of the events of October 20, 2012 contained in the Chicago Police Department supplementary reports and surveillance logs, Bates-stamped FCRL000480-000499, marked as confidential pursuant to the protective order entered in this case, and enclosed herewith.

2. Detail the second incident day, including any calls received from Plaintiff or on

Plaintiffs behalf, who spoke to whom, and detail under what legal authority as in law, procedure, and investigative tactic the events all fall under. Who gave any orders, what those orders where, the dialog used and at what approximate times those dialogs fall under in the timeline of events.

**ANSWER:** Defendant Lopez objects to this interrogatory as overly broad, unduly burdensome, improper to the extent it calls for legal expertise, and more suitable to be ascertained from an oral deposition. Subject to and without waiving these objections, in answering, Defendant Lopez directs Plaintiff to the summary of the events of October 21, 2012 contained in the Chicago Police Department supplementary reports and surveillance logs, Bates-stamped FCRL000480-000499, marked as confidential pursuant to the protective order entered in this case, and enclosed herewith.

3. Which member of the 193 Gang Unit has or had a relationship with Joe Fosco, please include any relationship any unit member has/had whether direct or indirectly through a relative say a father.

**ANSWER:** Defendant Lopez objects to this interrogatory to the extent it calls for information outside of his personal knowledge, custody or control. Subject to and without waiving these objections, Defendant Lopez states that he does not know who Joe Fosco is and has never encountered Joe Fosco. Defendant Lopez further states that to his knowledge, no one on the 193 Gang team has a relationship with Joe Fosco.

4. Describe the text messages sent to plaintiff on April 21st 2013 from Jorge L Lopez's cell phone. Include all dialog used, your location and who was with you. And under what law, police procedure or investigative tactic those messages fall into.

**ANSWER:** Defendant Lopez objects to this interrogatory to the extent it calls for legal expertise and to the extent it requests confidential and private information regarding individuals not associated with this matter. Subject to and without waiving these objections, in answering, Defendant Lopez refers Plaintiff to the phone examination report enclosed herewith containing

the content of the text messages sent and received between Plaintiff and Defendant Lopez from April 21, 2013, Bates-stamped FCRL000466-000472 and marked as confidential pursuant to the protective order entered in this case. Defendant Lopez states that he was with his family in the suburbs when he received Plaintiff's numerous text messages on April 21, 2013. Defendant Lopez does not understand the remainder of this interrogatory.

5. List all people you have spoken to the events alleged by Plaintiff.

**ANSWER:** Defendant Lopez objects to this interrogatory to the extent it requests information protected by the attorney-client privilege. Subject to and without waiving these objections, Defendant Lopez states that other than the four police officers listed in Defendants' Joint Rule 26(a)(1) and 26(a)(2) disclosures, at this time he does not recall speaking to any other individuals about Plaintiff's allegations.

6. List all officers including Officer George Lopez that were involved on the days you interacted with Plaintiff on any level. Be it phone call, text message, email, directly or indirectly, and in person.

**ANSWER:** Defendant Lopez objects to this interrogatory as vague and ambiguous as to the term "interacted." Subject to and without waiving said objection, in answering, Defendant Lopez directs Plaintiff to the Chicago Police Department personnel listed on the Surveillance Report Logs from October 20, 2012 and October 21, 2012, Bates-stamped FCRL000482-000483 and FCRL000495-000499, marked as confidential pursuant to the protective order entered in this case, and enclosed herewith.

7. Describe all paperwork, report(s), and form(s) related to The Plaintiff that were written about the arrest, incident or communication with Plaintiff, please specify name(s) of paperwork and form number if it has one. Describe not only paperwork that Officer Jorge L Lopez wrote but also any paperwork, report, or form written by other officers in the gang unit in relation to the Plaintiff, be specific and describe the form and what was written on the form, who signed them, and which Officer in a supervisory role took a look at described paperwork. Name

all officers in a non-supervisory role that you are aware of also viewed the paperwork described.

**ANSWER:** Defendant Lopez objects to the extent this interrogatory requests information outside of his personal knowledge, custody or control, to the extent that it seeks disclosure of information protected by the attorney/client privilege and attorney work product doctrine, and as overly broad and unduly burdensome. Subject to and without waiving said objections, Defendant Lopez refers Plaintiff to the reports contained in the IPRA file (previously produced), and to the Chicago Police Department and Illinois State Police documents enclosed herewith. Defendant Lopez states that he does not have personal knowledge of whether other officers viewed the reports or who would have viewed them.

8. Describe the Drug buy, where you were stationed, how Plaintiff was watched, and all events including dialog by officers and Plaintiff regarding drug buy from start to finish.

**ANSWER:** Defendant Lopez objects to this interrogatory as improper and will not disclose this information as it is confidential and presents a safety and security risk to Officer Lopez and other police officers.

9. Specify all laws used to detained plaintiff and the timeline used to justify arresting plaintiff and using him to do a drug buy.

**ANSWER:** Defendant Lopez objects to this interrogatory to the extent it calls for legal expertise and to the request for a timeline as unduly burdensome. Subject to and without waiving said objections, Defendant Lopez states that Plaintiff was arrested for possession of a controlled substance under Illinois law, specifically 720 ILCS 570/402. Defendant Lopez further states that due to Plaintiff's cooperation and agreement to become a confidential informant, Plaintiff was not charged with the narcotics offense at that time.

10. Specify the technology used to track, record, and locate plaintiff during the monitored drug buy.

**ANSWER:** Defendant Lopez objects to this interrogatory as improper and will not disclose this information as it is confidential and presents a safety and security risk to himself and other police officers.

11. Specify the laws or procedure used to tell Plaintiff he has pending drug charges via text on April 21st 2013.

**ANSWER:** Defendant Lopez objects to this interrogatory as vague and ambiguous, and to the extent it calls for any legal expertise. Subject to and without waiving said objections, Defendant Lopez states that Plaintiff was arrested on October 20, 2013 for possession of a controlled substance, which is a violation of Illinois law, specifically 720 ILCS 570/402. Defendant Lopez further states that Plaintiff had not been charged with possession of a controlled substance at the time of the April 21, 2013 text message, and that those charges were still pending at that time.

12. Describe everything that the Plaintiff said to you from first meeting him to last communication.

**ANSWER:** Defendant Lopez objects to this interrogatory as overly broad, unduly burdensome and more suitable to be ascertained from an oral deposition. Subject to and without waiving these objections, in answering, Defendant Lopez directs Plaintiff to the summary of Plaintiff's statements to the officers contained in the Chicago Police Department supplementary reports enclosed herewith.

13. Describe everything that defendant Officer Jorge L Lopez, and every other officer involved in the interaction with the Plaintiff said from first interaction to last, include any supervisors.

**ANSWER:** Defendant Lopez objects to this interrogatory to the extent this interrogatory requests information outside of his personal knowledge, custody or control,

improper to the extent it calls for confidential information related to the underlying investigation, and further, as overly broad, unduly burdensome and more suitable to be ascertained from an oral deposition. Subject to and without waiving these objections, Defendant Lopez directs Plaintiff to the summary of the statements contained in the Chicago Police Department supplementary reports enclosed herewith.

Respectfully submitted,

_____
KATHRYN DOI
Senior Counsel

City of Chicago Dept. of Law
30 N. LaSalle St., Suite 900
Chicago, IL 60602
(312) 744-0742

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANGEL PEREZ, | ) | |
| | ) | 13 C 4531 |
| Plaintiff, | ) | |
| | ) | Judge Dow |
| v. | ) | |
| | ) | Magistrate Judge Rowland |
| City of Chicago Police Officer JORGE L. LOPEZ and THE CITY OF CHICAGO | ) ) ) | Jury Demand |
| Defendants. | ) | |

## VERIFICATION

I, Jorge Lopez, one of the Defendants in the foregoing case, do hereby certify that I have read the foregoing **DEFENDANT LOPEZ'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** and that my responses are true in substance and in fact to the best of my knowledge.

_____
JORGE LOPEZ

Signed and sworn before me
on this 5th day of July, 2014

_____
NOTARY PUBLIC

OCTAVIA L. JACKSON
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires
January 06, 2018