UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGEL PEREZ, )<br>   Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF CHICAGO, et al. )<br>   Defendants. )<br>) | No. 13-cv-04531 |

MOTION FOR LEAVE TO FILE PRETRIAL STATEMENT INSTANTER

Plaintiff, by and through his attorney, respectfully moves this Court for leave to file his Final Pretrial Statement instanter. In support thereof states as follows:

1. Plaintiffs pretrial statement was due January 21st, 2025. Plaintiff submits the completed statement herewith. Counsel inquired of defendant if there was any objection on Saturday January 24th, 2025. No response as of this writing.

2. The delay was occasioned by a sudden and severe medical emergency. Approximately twenty days ago, Counsel for Plaintiff suffered an acute myocardial infarction.

3. Counsel was in the ICU for three days and in the regular hospital for two following.

4. This event was particularly complex/grave given counsel's unknown pre-existing condition of three aneurysms with a clot in one of the aneurysms.

5. His case examined by three cardiac specialists, surgery may still be on the table. Counsel has been cleared for light activity after February 7, 2026, his current recovery involves a heavy pharmacological regimen, including beta-blockers and anticoagulants.

6. These medications result in significant side effects, including lethargy, fatigue, and cognitive "fog," which hindered Counsel's ability to finalize the complex pretrial statement by the original date. Complex as in 10 years of an asundry plaintiff and defendant attorneys and over 1000 pages of discovery.

7. Federal Rule of Civil Procedure 6(b)(1)(B) provides that "the court may, for good cause, extend the time… on motion made after the time has expired if the party failed to act because of excusable neglect." 7. The Supreme Court defined "excusable neglect" as an "equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

8. The Seventh Circuit evaluates four factors: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Moje v. Fed. Hockey League, LLC*, 792 F.3d 756, 759 (7th Cir. 2015).

9. No Prejudice: A short delay is negligible and does not impact the trial date or any other dispositive deadlines.

10. Illness of counsel is a well-recognized basis for excusable neglect, particularly where the illness is life-threatening and the medication impairs cognitive function. See Dickerson v. Bd. of Educ., 32 F.3d

1114, 1118 (7th Cir. 1994).

11. Counsel has moved with all possible speed given his physical limitations to cure the default immediately upon gaining sufficient stability to do so.

WHEREFORE, Plaintiff respectfully move this Court to allow him to file his pretrial statement instanter.

/s/ Jason R. Epstein

Jason R. Epstein
Law Office of Jason R. Epstein
77 W. Wacker Ste. 4500
Chicago, 1L 60601
(312)869-2603
Krime@KriminalDefense.com