UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGEL PEREZ, ET AL. et al., )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF CHICAGO, et al. )<br>      Defendants. )<br>) | No. 13-cv-04531 |

Plaintiff's Pretrial Statement

1. Case Summary: Plaintiff Perez was arrested and accosted by a group of officers attempting to get information from him. He was handcuffed and bent over while berated and hit. He was violated by a metal object likely a gun. Plaintiff brings this suit pursuant to 42 U.S.C. § 1983 for violation of his civil rights, excessive force.

2. Relief Sought: Compensatory damages in an amount to be determined at trial, but not less than $500,000, according to proofs exhibited during trial. Punitive in an amount to sufficiently deter such behaviour in the future.

3. List of Witnesses:

    Plaintiff may call the following witnesses:

    Defendant Jorge Lopez: information concerning the facts of the alleged incident giving rise to the complaint.

    Sgt. Matthew Cline #2184, Chicago Police Department, will testify to all matters concerning his involvement in the alleged incident which is the subject of this lawsuit.

P.O. Edmund Zablocki #7505, Chicago Police Department will testify to all matters concerning his involvement in the alleged incident which is the subject of this lawsuit.

P.O. Herbert Betancourt #16976, Chicago Police Department will testify to all matters concerning his involvement in the alleged incident which is the subject of this lawsuit.

E/T Angelo Marconi #16976 will testify to all matters concerning his administration of a buccal swab to Plaintiff on December 5, 2012 with regard to the underlying incident, including the procedures and methodology in obtaining the buccal swab, and any observations of and conversations with Plaintiff.

Inv. Brian Killen #129, Independent Police Review Authority, testify to all matters regarding his involvement in the IPRA investigation into the alleged incident which is the subject of this lawsuit.

Inv. Margarita Galindo #135, Independent Police Review Authority testify to all matters regarding her involvement in the IPRA investigation into the alleged incident which is the subject of this lawsuit.

Carlos De La Pena, Castillo Delivery Service will testify to information concerning the facts of the alleged incident giving rise to the complaint in his capacity as Plaintiff's district manager, including any interactions or communications with Plaintiff on or about the dates of the alleged incident.

John Zhong, Dosirak Restaurant employ testify concerning the facts of the alleged incident giving rise to the complaint, including any interactions or communications with Plaintiff on or about the dates of the alleged incident.

Michael Matthews, Forensic Scientist III, and Andrea K. Paulsen, Forensic Scientist Illinois State Police, will testify with regard to his/her involvement in the investigation of the incident subject to this lawsuit, including, but not limited to evidence collected, pictures/videos taken, and any forensic testing and results.

Plaintiff Angel Perez. Mr. Perez will describe his arrest, release and re arrest. Being taken to Homan square where he was interrogated and raped. He will testify to the effects upon him and damages.

Marshall via deposition. Marshall has passed. Marshall testified he is a former Chicago police officer and a good friend of Mr. Perez for many years. That he was kept apprized of the assault. FRCP Rule 32(a)(4)(A) allows for the use of an evidence deposition of person that the court finds is deceased. Both parties were

represented by counsel during the deposition.

Nina Corley from Office Professional standards. She will testify that she met with plaintiff the day after his assault. She will testify as to the meeting and what transpired during that meeting.

Dr. Joquin Estrada is a medical doctor. Plaintiff saw Dr. Estrada for treatment. Dr. Estrada examined photographs of the injury. Dr. Estrada provided plaintiff treatment and observations.

4. Exhibit Chart

5. Stipulations: None at this time.

6. Motions in Limine / Evidentiary Issue:

Motion to bar use of Plaintiffs mug shots.
Motion to use audio interview with ipra of a deceased witness.

Motion to Exclude Evidence of Prior Sexual History: To preclude any testimony, evidence, or inquiry regarding Plaintiff's prior sexual conduct or predisposition pursuant to Fed. R. Evid. 412.

Motion to Exclude Prior Arrests and Unrelated Convictions: To bar reference to Plaintiff's prior arrest record or any criminal convictions not involving an act of dishonesty or false statement under Fed. R. Evid. 608 and 609.

Motion to Preclude Defense of Consent or Comparative Fault: To bar arguments suggesting Plaintiff consented to or was responsible for the assault, as consent is legally a nullity in custodial settings and/or barred under Fed. R. Evid. 403.

Motion to Exclude Evidence of Substance Use History: To preclude evidence of Plaintiff's past drug or alcohol use that is not contemporaneous with the incident and is offered solely as prejudicial character evidence under Fed. R. Evid. 404(b).

Motion to Limit Medical and Psychiatric History: To exclude Plaintiff's medical or mental health records that are remote in time or unrelated to the specific emotional distress damages claimed in this action.

Motion to Bar Improper Jury Appeals: To preclude defense counsel from making "taxpayer protection" arguments alluding to the fact that the taxpayer will have to pay for this suit.

Motion to Exclude Undisclosed Witnesses/Exhibits: To preclude any evidence or testimony not properly disclosed during the discovery period pursuant to Fed. R.

        Civ. P. 37.

        Motion to Exclude Prior Unrelated Litigation: To preclude evidence or mention of Plaintiff's participation in other civil lawsuits or administrative proceedings as irrelevant and prejudicial under Fed. R. Evid. 401 and 403.

        Motion to Bar Evidence of Collateral Bad Acts: To preclude evidence of Plaintiff's prior employment or disciplinary history not related to the facts of the current claim, pursuant to Fed. R. Evid. 404(b).

7.        Trial is expected to last approximately seven days.